FRANK METTIE v. JOSEPH DE BAGHIAN AND PUBLIC SERVICE RAILWAY COMPANY.

---

FRANK METTIE v. JOSEPH DE BAGHIAN AND PUBLIC SERVICE RAILWAY COMPANY.

Decided October 20, 1924.

Negligence—Injury to Passenger of Jitney Through Collision With Trolley—Judge's Charge that Plaintiff Entitled to Recover and Jury Must Determine From Whom, Erroneous—Jury Might Have Found Due Care on the Part of Both—Admission of Counsel for Each Defendant that the Other Was Liable Cannot Impose Liability.

On appeals from the Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellants, *Alexander M. MacLeod* and *Leonard J. Tynan.*

For the respondent, *Peter J. McGinnis.*

PER CURIAM.

This was an action brought by the plaintiff against the two defendants to recover compensation for injuries received by him in a collision between a trolley car of the Public Service Railway Company and a jitney bus of the defendant De-Baghian, in which the plaintiff was riding. The trial resulted in a verdict against both defendants, the jury assessing the plaintiff's damages at $6,000. From the judgment entered upon that verdict both defendants have appealed.

A number of reasons are urged for the reversal of this judgment. We find it necessary, however, to consider only one of them, and that is directed at the following instruction to the jury: "There seems to be no question in this case but that the plaintiff is entitled to recover. He is entitled to recover from someone, and you are going to say from whom." This instruction seems to us palpably erroneous, for it overlooks the fact that the jury might have found that the collision occurred notwithstanding that both the motorman and the driver of the jitney were using due care in the operation of their respective vehicles. It is true that, as appears from a stipulation of the parties, counsel for the railway company in summing up to the jury conceded that the plaintiff ought to recover damages from the defendant DeBaghian, and that counsel for the defendant DeBaghian in his summing up conceded that the plaintiff ought to recover damages from the railway company. But these concessions made by counsel, in which each one attempted to impose liability upon the client of the other, could not operate to impose liability upon either defendant. If each counsel had admitted that his own client was legally responsible to the plaintiff, a dif-

ferent situation, of course, would have been presented; but in the present case, notwithstanding the admission or assertion of counsel for the respective defendants, the question still remained for the jury to determine whether the accident occurred by reason of the negligence of the employe of either the one or the other of the defendants, or solely from a cause for the existence of which one of them was responsible.

The judgment under review will be reversed, for the reason indicated.